UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
ALEXANDRA CHMIL,

                        Plaintiff,                     COMPLAINT

      -against-                               Civil Action No.: 17-5459 cv

COUNTY OF NASSAU, NASSAU COUNTY DISTRICT
ATTORNEY'S OFFICE, NASSAU COUNTY POLICE
DEPARTMENT, DET. GENE UMBARILA, UNIDENTIFIED
EMPLOYEES OF THE NASSAU COUNTY DISTRICT
ATTORNEY'S OFFICE, UNIDENTIFIED OFFICERS OF
THE NASSAU COUNTY POLICE DEPARTMENT,

                                                        JURY TRIAL DEMANDED

                     Defendants.
-------------------------------------------------------------------------------X

       The Plaintiff, complaining of the defendants, by her attorney, BARKET MARION EPSTEIN & KEARON, LLP, respectfully shows to this Court and alleges that he suffered abuse and sustained injury at the hands of the above defendants.

## JURISDICTION AND VENUE

       1.     Jurisdiction is founded upon the existence of a Federal Question.

       2.     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. §1983 and arising under the laws and statutes of the State of New York.

       3.     Jurisdiction is founded upon 28 U.S.C. §§1331, 1343(3), and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

       4.     That venue is proper pursuant to 28 U.S.C. §1391(b)(1&2).

5. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

7. That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. §1367.

## JURY DEMAND

8. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

9. Plaintiff, Alexandra Chmil, is a resident of Nassau County in the State of New York.

10. Defendant County of Nassau is a municipality that is a political subdivision of the State of New York was the employer of the individually named and John Doe defendants and is and was at all times relevant to this complaint responsible for the policies, practices, and customs of the Nassau County Police Department.

11. The individually named and John Doe defendant officers were at all times relevant to this complaint duly appointed and acting police officers of the Nassau County Police Department, acting under color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of Nassau and the State of New York.

## PENDENT STATE CLAIMS

12. That Notice of the Plaintiff's claims, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the County of Nassau within ninety days of the acts giving rise to this Complaint.

13. A 50-H hearing was waived by the County.

14. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

15. That this action is commenced within one year and ninety days after the causes of action arose.

16. That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602 (1) (b).

## STATEMENT OF FACTS

17. On January 8, 2016, Plaintiff was arrested for Endangering the Welfare of an Incompetent or Physically Disabled Person in the First Degree, in violation of Penal Law Section 260.25, which is a class E felony.

18. The felony complaint accused Plaintiff, a teacher's aide, of knowingly engaging in conduct that is likely to be injurious to the mental welfare of a person who is unable to care for herself because of mental disease due to Plaintiff "aggressively and excessively" wiping the face of a student at the school where Plaintiff was employed.

19. A video of the incident shows Plaintiff feeding the student, as was her job, and wiping the student's face with a napkin, not aggressively, nor excessively.

20. Medical records confirmed that the student did not have any bruising or abrasions.

3

21. Nevertheless, defendants falsely arrested, unreasonably strip searched, and maliciously prosecuted the Plaintiff.

## DAMAGES

22. The actions of the defendants deprived plaintiff Ms. Chmil of her civil rights under the Constitution for the State of New York.

23. The unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions of the defendants caused Ms. Chmil to be wrongly seized, incarcerated and maliciously prosecuted for crimes she did not commit.

24. The unlawful, intentional, willful, deliberately indifferent, reckless, negligent, and/or bad-faith acts and omissions of the defendants caused Ms. Chmil the following injuries and damages, which were foreseeable to the defendants at the time of their acts and omissions, and which continue to date into the future: mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation for which she is entitled to monetary relief.

25. All the acts and omissions committed by the defendants described herein for which liability is claimed were done intentionally, unlawfully, maliciously, wantonly, recklessly, negligently and/or with bad faith, and said acts meet all of the standards for imposition of punitive damages.

## FIRST CAUSE OF ACTION

**Claim for False Arrest and Unlawful Search and Seizure pursuant to
42 U.S.C. § 1983 in violation of the Fourth Amendment**

26. Ms. Chmil hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

27. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that plaintiff was illegally seized.

28. That the said acts, were caused by the defendants without any legal justification.

29. That the Defendants confined Ms. Chmil, that the defendants intended to confine Ms. Chmil, that Ms. Chmil was conscious of the confinement, Ms. Chmil did not consent to the confinement and the confinement was not otherwise privileged.

30. That the said seizure and unlawful detention was caused by the defendants acting individually and/or acting together but nevertheless acting without authority of the law and without any legal basis or probable cause to believe that Ms. Chmil was in fact guilty of crimes.

31. That the said seizure and unlawful detention was caused by the Defendants before any formal proceeding had begun and before there was probable cause to arrest.

32. That by reason of the unlawful seizure, the Ms. Chmil incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, damage to his reputation in the community and he was otherwise injured.

33. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at trial and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION

### Claim for Malicious Prosecution pursuant to 42 U.S.C. § 1983 in Violation of the Fourth and Fourteenth Amendments

34. Ms. Chmil hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

35. The defendants, despite knowing that probable cause did not exist to arrest and prosecute Ms. Chmil, acted individually and in concert to cause Ms. Chmil to be arrested and prosecuted. The defendants' conduct violated Ms. Chmil's rights pursuant to the Fourth and

5

Fourteenth Amendments of the United States Constitution to be free from unreasonable search and seizure.

36. Specifically, defendants knew or in the absence of their deliberate and reckless indifference to the truth, should have known that probable cause did not exist to arrest and prosecute Ms. Chmil.

37. The defendants' acts were shocking and were performed by the defendants with deliberate and reckless disregard for the truth and with malice.

38. In fact, the charges against Ms. Chmil were dismissed. The prosecution was terminated in Ms. Chmil's favor.

39. Defendants' actions to deprive Ms. Chmil of his liberty without probable cause were in violation of clearly established constitutional law and no reasonable law enforcement authority would have believed that the defendants' actions were lawful.

40. As a direct and proximate result of defendants' actions, Ms. Chmil was wrongly prosecuted and suffered injuries and damages as set forth above.

41. That by reason of the malicious prosecution, Ms. Chmil incurred physical harm, mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation for which he is entitled to monetary relief.

42. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at trial and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## THIRD CAUSE OF ACTION

### Malicious Abuse of Process under 42 U.S.C. §1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

44. The defendants issued legal process to place plaintiff under arrest.

45. That the defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

46. The defendants acted with intent to do harm to plaintiff without excuse or justification.

47. That defendants aforementioned actions were conscience shocking and placed plaintiff in apprehension of emotional injuries.

48. As a result of defendants' conduct, plaintiff has suffered mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and was otherwise harmed damaged and injured.

## FOURTH CAUSE OF ACTION

### Unreasonable Strip Search in Violation of the
### Fourth and Fourteenth Amendments

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

50. That the Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that unidentified defendant stripped searched Plaintiff.

51. Before the strip search, there was no reasonable basis to believe the Plaintiff was secreting contraband or weapons—which she was not.

52. There was also no other basis to render it reasonable under the circumstances to conduct a strip search of the Plaintiff.

53. Of note, after the incident forming the basis of criminal charges, more than half-a-year had passed. The Plaintiff went to the precinct with her attorney and on her own volition—under the false impression that she would be receiving a desk appearance ticket.

54. The notion that she would be secreting any drugs or anything dangerous thus relies upon an unreasonable premise: that if she had anything to hide, instead of leaving such items at home she would carry them into a police station with her. This notion rests upon a second problem as well: the nature of the criminal charges ultimately lodged against her had nothing to do with drugs or weapons. They involved wiping one of her students' faces with a napkin.

55. It is clearly established that at the time of Plaintiff's arrest, the unidentified defendant had fair warning that strip searching the Plaintiff was unconstitutional.

56. That by reason of this strip search, Plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, and she was otherwise injured.

57. That by reason of the aforesaid, the Plaintiff has each been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## FIFTH CAUSE OF ACTION

### 42 U.S.C. § 1983 Suppression of Favorable Evidence
### in Violation of the Fourteenth Amendment

58. Defendants knowingly and deliberately chose not to document or disclose information that was favorable and material to Ms. Chmil's defense, including, without limitation, the fact that the complainant was not injured, that a video showed that no crime occurred, and that medical evidence existed that showed that the complainant did not sustain any injuries.

59. In withholding material exculpatory information, Defendants deprived Ms. Chmil's defense team of it in violation of her clearly established Fourteenth Amendment right to fundamental fairness.

60. Defendants' suppressions caused Ms. Chmil's wrongful imprisonment and prosecution, as well as all the ongoing injuries and damages set forth above.

## SIXTH CAUSE OF ACTION

### 42 U.S.C. § 1983 Failure to Investigate
### in Violation of the Fourth and Fourteenth Amendments

61. Notwithstanding the fact that there was no crime that occurred and no evidence existed against Ms. Chmil, Defendants refused to acknowledge Ms. Chmil's innocence or that no crime occurred.

62. This conscience-shocking failure to investigate obvious and known exculpatory evidence deprived Ms. Chmil of her liberty, in violation of the Fourth and Fourteenth Amendments.

## **SEVENTH CAUSE OF ACTION**

### Supervisor Liability pursuant to 42 U.S.C. § 1983 in Violation of the
### Fourth and Fourteenth Amendments

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

64.     That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the defendants who were supervisors of the officers and who violated and abused plaintiff's rights.

65.     That these defendants, who were supervisors had actual and constructive knowledge of the illegal seizure, false arrest, and malicious prosecution which were being committed by their subordinates against the plaintiff.

66.     That the defendant supervisors did cause the plaintiff's harms by failing to remedy the patterns of false arrest, malicious prosecution, suppression of favorable evidence, strip searches and other constitutional violations that the defendants committed after learning of them, and by creating a policy and custom under which unconstitutional practices occurred and was tolerated.

67.     Defendant officers who were supervisors were grossly negligent in managing their subordinates.

68.     That by reason of the unlawful seizure, strip search, detention, and malicious prosecution, Ms. Chmil incurred physical harm, mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation for which he is entitled to monetary relief.

69.     That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at trial and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## EIGHTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – Monell Claim

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

71. That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the defendant County of Nassau.

72. Defendants County of Nassau and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's constitutional rights under the constitution and the laws of the United States, in that they failed to adequately discipline, train, supervise or otherwise direct police officers in connection with fundamental and recurring constitutional and ethical duties.

73. Defendants County of Nassau and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case for violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct which did cause the plaintiff to be subjected to deprivations of his civil rights.

74. Defendants County of Nassau and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of

citizens by other police officers thereby causing and encouraging police officers, including defendants in this case, to engage in unlawful conduct.

75. Defendants County of Nassau and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants in the proper criteria to investigate crimes and in understanding the rights of citizens.

76. Defendants County of Nassau and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants in the proper criteria to properly conduct an investigation.

77. Defendants County of Nassau and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants and insure that defendants understand proper comportment, are capable of maintaining appropriate control of their tempers, and are capable of behaving appropriately and properly when wielding the force of law enforcement authority.

78. Defendants County of Nassau and unidentified Police Officers who were supervisors and final decision makers as a matter of policy and practice, have failed to train the defendants as to the existence and elements of the affirmative duty of a law enforcement officer to intervene to prevent the preventable violations of citizens' civil rights from being perpetrated by a fellow officer in his or her presence.

79. That by reason of the supervisor's policy and practice of callus, reckless and deliberate indifference to plaintiff's constitutional rights the plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, his reputation in the community and he was otherwise injured.

80. That by reason of the aforesaid, the plaintiff has been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## NINTH CAUSE OF ACTION

### New York State Law – False Arrest

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

82. That the plaintiff's rights have been violated under New York State Law, in that the plaintiff was falsely arrested by the defendants.

83. That the said false arrest, was caused by the defendants, their agents, servants and employees, without any legal justification to wit, without probable cause and that the defendants confined the plaintiff, defendants intended to confine plaintiff, plaintiff was conscious of the confinement, plaintiff did not consent to confinement, and confinement was not otherwise privileged.

84. That the defendants conspired together to violate plaintiff's rights in that the individual defendants acted in concert to unlawfully violate plaintiff's rights in committing the false arrest of the plaintiff.

85. That by reason of the unlawful seizure, and detention, the plaintiff incurred mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and he was otherwise injured.

86. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined by a jury.

## TENTH CAUSE OF ACTION

### New York State Law – Malicious Prosecution

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

88. Plaintiff's rights have been violated pursuant to the common law of the state of New York via a malicious prosecution.

89. That the said malicious prosecution was initiated by the defendants without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in his favor via a dismissal and in that the action was commenced and continued intentionally, with malice and deliberate indifference to plaintiff's rights by the defendants.

90. That defendants swore falsely as to the alleged criminal actions of plaintiff and caused the criminal prosecution to be commenced and continued before the false charges terminated in his favor.

91. That by reason of the malicious prosecution, the plaintiff incurred mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and he was otherwise injured.

92. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined by a jury.

## ELEVENTH CAUSE OF ACTION

### New York State Law –Assault and Battery

93. Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

94. Upon information and belief, defendants did intentionally assault Plaintiff, placing her in fear of imminent danger and/or bodily harm, and subjected Plaintiff to great pain and physical injury by virtue of their conduct including, but not limited to, the unwarranted and unjustified assault and attack of Plaintiff.

95. As a direct and proximate result of said acts, police defendants caused Plaintiff to suffer physical injuries and damages, as well emotional injuries and damages, which were foreseeable to the police defendants at the time of their acts, and which continue to date into the future.

96. The aforesaid injuries did not result from any negligence or fault on the part of the Plaintiff herein.

97. Defendant COUNTY OF NASSAU is responsible for the acts and conduct of their officers and are liable for the damages flowing from their unlawful conduct.

98. Plaintiffs additionally rely upon the doctrine of *res ipsa loquitur*.

99. At the time and place of the occurrences herein described, the individually named police defendant officers were acting in the course and scope of their employment by the defendant COUNTY OF NASSAU.

100. That the defendant COUNTY OF NASSAU is liable for the acts of the individually named Defendants under the doctrine of *respondeat superior*.

101. By reason of the foregoing, Plaintiff demands compensatory damages and punitive damages against all of the Defendants.

## TWELFTH CAUSE OF ACTION

### New York State Law – *Respondeat Superior*

102. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

103. At all times relevant to this complaint Unidentified Police Officers acted as agents of, and in the scope of their employment with, defendant Nassau County.  The conduct by which the Identified and Unidentified Police Officers committed the torts of assault and battery and malicious prosecution was undertaken while defendants were carrying out their routine function as police officers and while defendants were engaged in such conduct as would have been reasonably expected by, and was in fact foreseen by, their employer.  Nassau County is liable for the individually named defendants' state law torts of false arrest and malicious prosecution under the doctrine of *respondeat superior*.

104. That by reason of the false arrest and malicious prosecution the plaintiff incurred mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and she was otherwise injured.

105. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined by a jury.

## THIRTEENTH CAUSE OF ACTION

### New York State Law – Negligent Hiring, Training, Supervision, Retention

106. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

107. That the defendant County of Nassau negligently hired, trained and supervised the other said defendants who lacked the experience, comportment and ability to be employed by the defendants, in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned defendants; failing to investigate the above-named defendants' background and in that they hired and retained as employees individuals who were unqualified in that the defendants lacked the maturity, sensibility and intelligence to be employed in their capacity as officers when they were hired.

108. That the defendant failed to train employees in the proper criteria for determining probable cause to arrest; proper knowledge of current penal codes, and exercise the proper comportment and temperament; and to otherwise act as reasonable police officers; failed to give them proper instruction as to their investigations, behavior and conduct as representative of their employers; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless, deliberately indifferent and negligent.

109. That by reason of the negligent hiring, training and supervision the plaintiff incurred mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and he was otherwise injured.

110. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined by a jury.

**WHEREFORE**, Alexandra Chmil prays as follows:

A. That the Court award compensatory damages to her and against the defendants jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to her, and against all non-municipal defendants, in an amount, to be determined at trial, that will deter such conduct by defendants in the future;

C. For a trial by jury;

D. For a pre-judgment and post-judgment interest and recovery of his costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

E. For any and all other relief to which he may be entitled.

Dated: Garden City, New York
September 18, 2017

BARKET MARION EPSTEIN & KEARON, LLP

By:     /s/ Bruce A. Barket
Bruce A. Barket, Esq.
666 Old County Road-Suite 700
Garden City, N.Y. 11530
(516) 745-1500